IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINECT RENEWABLE SOLUTIONS, LLC, a limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID DESVERNEY, an individual; SOLOGISTICS, LLC, a limited liability company, and JOHN DOES 1-10,<br><br>Defendants. | Case No.  5:22-cv-00423-JGB-SP<br><br>**Assigned To:**<br><br>**Judge Jesus G. Bernal**<br><br>**Magistrate Judge Sheri Pym**<br><br>**CONFIDENTIALITY AND PROTECTIVE ORDER** |

Before the Court is the Joint Stipulation for Confidentiality and Protective Order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1.    Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential" or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2.    Qualified Persons**

"Qualified Persons" means:

a.    For "Attorneys Eyes Only" information:

    i.    retained counsel for the parties in this litigation and their respective staff;

      ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

      iii.    this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.    For "Confidential" information:

      i.    the persons identified in subparagraph 2(a);

      ii.    the party, if a natural person;

      iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

      iv.    litigation vendors, court reporters, and other litigation support personnel;

      v.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy; and

      vi.    a party's insurer or insurance carrier.

      vii.    Such other person as this court may designate after notice and an opportunity to be heard.

c.    *Ultrasensitive Information.* At this point, the parties do not anticipate the need for

higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

**3.   Designation Criteria**

a.   *Nonclassified Information.* Classified Information shall not include information that either:

    i.   is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.  becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

    iv.  lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.   *Classified Information Generally.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties. Nothing in this paragraph shall affect a Supplying Party's right to withhold production of documents or information containing trade secrets which it contends are not relevant to the case.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

A party may designate as "Classified Information" information in the possession of and supplied by a non-party if the information was transmitted to the non-party under an agreement or an obligation that it would remain confidential and the information otherwise complies with section 3(b).

      c.    *For Attorneys Eyes Only.* The designation "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

**4.**    **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

**5.**    **Marking of Documents**

      a.    Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys Eyes Only."  In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

      b.    In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of Classified Information shall be made by means of a statement in the answers or responses specifying that the particular answer(s) or response(s) or specific parts thereof are designated "CLASSIFIED."  The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS

CLASSIFIED INFORMATION."

  c. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks, or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matter as "Classified" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in paragraph 5(a) above. Whenever any party to whom Computerized Material designated as "CLASSIFIED" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 5(a) above.

  d. To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated Classified, that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Classified Information, and will affix to any media containing such information a label with the legend provided for in section 3 above.

  **6.** **Disclosure at Depositions**

  Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys Eyes Only" and is subject to the provisions of this Order.

  Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as

Attorneys Eyes Only, except as necessary for review and signature of the transcript, for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

7. **Disclosure to Qualified Persons**

a. *To Whom*. Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as Attorneys Eyes Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b. *Retention of Copies during this Litigation*. Copies of Attorneys Eyes Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each party's outside counsel shall maintain a log of all copies of Attorneys Eyes Only documents that are delivered to Qualified Persons.

**8. Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Classified Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9. Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as Attorneys Eyes Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential" or "Attorneys Eyes Only" by the producing party.

**10. Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**11. Challenging the Designation**

a. The following subsections describe motion practice before the Court to challenge the designation of classified information and access to it. Any motion filed under this section or other proceedings under this section shall be governed by Local Rule 37 (including, but not limited to, the meet and confer and joint stipulation requirements thereof) related to discovery disputes.

b. *Classified Information*. A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies, in accordance with Local Rule 37. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information, pursuant to Local Rule 37. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

c. *Qualified Persons*. In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis, in accordance with Local Rule 37. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. Any such motion shall be governed by Local Rule 37. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

12. **Manner of Use in Proceedings**

This Protective Order shall not govern the use of Classified Information at trial. The use of Classified Information at trial shall be addressed separately at the appropriate time with the judicial

officer conducting the trial.

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation (except in connection with trial), the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the court consistent with the sealing requirements and local rules of the court.

13. **Filing Under Seal**

If a party seeks to file or lodge Classified Information, the party must comply with Local Rule 79-5. Classified Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Classified Information at issue. If a Party's request to file Classified Information under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

14. **Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

15. **Immediate and Ongoing Obligations**

The parties stipulate, acknowledge and agree that the provisions of this Protective Order shall be binding upon filing of the Joint Stipulation for Confidentiality and Protective Order with the Court in the above-captioned matter, and that any documents produced prior to the Court's entry

of the Protective Order shall be subject to the Protective Order's provisions. Additionally, insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal pursuant to the local rules of this Court, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

16. **Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

17. **Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

18. **Claw Back Provisions**

a. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Classified Information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been

designated as Classified Information within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Classified Information under this Protective Order.

      b.     When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure. If a party decides to add a designation to any document previously produced without designation, or to withdraw the designation on any document previously produced, the designating party shall produce to each receiving party substitute copies of such documents bearing the appropriate designation, if any. Each receiving party shall use reasonable efforts to substitute the later produced documents for the previously produced documents, and destroy or return to the designating party the previously produced documents and all copies thereof.

      c.     In addition to the clawbacks permitted pursuant to Paragraph 18(b) and Federal Rule of Civil Procedure 26(b)(5)(B), the parties may claw back non-responsive documents and any document or portions of any document to the extent that it relates to subject matters that the Court has ruled to be non-discoverable, that are raised in a pending motion for a protective order or motion to compel, or that have otherwise been put before the Court for resolution.

When clawing back such documents or portions of documents, the producing party shall provide a spreadsheet listing the Bates numbers of all clawed back documents, along with a statement containing the basis asserted by the producing party for the proposed clawback. After being notified, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is

resolved; and must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified. If the receiving party contests the classification of the clawed back document, the parties shall meet-and-confer to resolve the issue. Should a dispute remain after the meet-and-confer, the receiving party may promptly present the disputed claim to the Court under seal for resolution. The producing party must preserve the information until the claim is resolved. Further, a producing party that has clawed back documents on the grounds that the documents are subject to a pending motion or have otherwise been put before the Court for resolution will re-produce all such documents within the later of seven days of the Court resolving the dispute against the producing party or, if the dispute and/or ruling is one from which an appeal is or may be available under the Federal Rules, seven days of the expiration of the appeal period or final completion of a timely but otherwise unsuccessful appeal(s) taken from the pertinent ruling, whichever is later.

19. **Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

20. **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

IT IS SO ORDERED this 7th day of June, 2022.

_____
MAGISTRATE JUDGE SHERI PYM